IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40270
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

WILFORD EARNEST LEE,

                                        Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CR-82-ALL
- - - - - - - - - - -
October 29, 2002
Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Wilford Earnest Lee appeals the sentence imposed following his guilty-plea conviction of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Lee argues that he should not have received two criminal history points for his prior convictions for felony theft and for burglary of a building because these cases were disposed of as one case by the state court. He asserts that he should be re-sentenced under the safety valve adjustment in U.S.S.G. § 5C1.2.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Lee did not raise the same challenge to his criminal history computation in the district court, we review this issue for plain error. <u>See</u> <u>United States v. Green</u>, 293 F.3d 886, 891 & n.3 (5th Cir. 2002). Although Lee was sentenced at the same time in both cases and received identical punishment in them, he has not shown that the cases were consolidated or related. <u>See</u> <u>United States v. Huskey</u>, 137 F.3d 283, 288 (5th Cir. 1998); U.S.S.G. § 4A1.2(a)(2) & comment. (n.3). Therefore, the district court did not err in determining his criminal history, and he was ineligible for application of the safety valve. <u>See</u> U.S.S.G. § 5C1.2(a)(1).

AFFIRMED.